**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180583-U

Order filed December 7, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0583 Circuit Nos. 16-CF-170 and 16-DT-64 |
| KRYSTAL I. GILBERT, | ) ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The evidence of benzoylecgonine in defendant's urine was sufficient to prove defendant's guilt beyond a reasonable doubt of aggravated driving under the influence of a controlled substance.

¶ 2    Defendant, Krystal I. Gilbert, appeals from her conviction for aggravated driving under the influence of a controlled substance (aggravated DUI). She contends the evidence was insufficient to prove that she committed this offense. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4     The State charged defendant by information with two counts of felony aggravated DUI (625 ILCS 5/11-501(a)(6), (d)(1)(C), (d)(1)(J) (West 2014)), one count of felony driving while license suspended (*id.* § 6-303(a-3)), and several other traffic offenses. Both aggravated DUI counts alleged that defendant drove a vehicle while there was any amount of a controlled substance in her body and was involved in a motor vehicle accident that resulted in, count one, great bodily harm or disfigurement of another, and count two, bodily harm to a child under the age of 16. The cause proceeded to a bench trial.

¶ 5     Deputy Corey Hixon testified that at approximately 9 a.m. on January 4, 2016, he was off duty when he drove past a vehicle lying on its side in a ditch off the interstate. He observed defendant sitting on the shoulder of the interstate holding an injured child in her lap with another child standing next to her. He retrieved a third child from inside the vehicle.

¶ 6     Trooper Ryan Shannahan testified that he responded to a single vehicle accident at approximately 9 a.m. on January 4, 2016. When he arrived at the location, he observed a vehicle on its side in a ditch. Defendant told Shannahan that while driving she had turned around to reprimand her child and veered off the road. When she overcorrected, her vehicle drove off the road and rolled. One child was ejected from the vehicle and severely injured. At the hospital, Shannahan read the "Traffic Crash Warning to Motorist" to defendant, and she submitted to blood and urine samples. The samples were sent to the laboratory for testing, and the urine sample tested positive for the cocaine metabolite, benzoylecgonine.

¶ 7     On cross-examination, Shannahan stated he did not make any observations of defendant at the scene or the hospital that would indicate she was under the influence. There were no drugs or alcohol found at the scene or on defendant. There was no indication that defendant was distracted by the use of her phone while driving.

¶ 8        Special Agent Walt Willis testified that he received a call reporting a single vehicle accident on January 4, 2016. He went to the hospital to interview defendant. When Willis arrived, he read defendant a *Miranda* warning. Defendant told Willis that the accident occurred that morning when she was preparing to exit the interstate. Willis asked defendant if she would test positive for any substances from her blood or urine tests. Defendant stated she consumed cocaine on New Year's Eve. Willis did not observe any indications of intoxication from defendant.

¶ 9        The State's expert, a technician from the Illinois State Police crime laboratory, testified that he tested the blood and urine samples submitted by defendant. The expert explained that there are two tests conducted on the urine sample. A preliminary screening tests for classes or metabolites of a particular drug. Once a positive identification is made, then a confirmatory test is completed. The first test on defendant's sample resulted in a positive identification of cocaine. The second test confirmed the result for the cocaine metabolite, benzoylecgonine. The expert further explained, "[A] metabolite is essentially something your body is breaking a drug down into, so it's not actually the parent cocaine, but your body is working to excrete that drug, and so sometimes it's trying to make it more water-soluble, and so benzoylecgonine is *** one of the major components that we see cocaine breaking down into."

¶ 10       Defendant testified that while driving on the interstate she started to take an exit ramp when one child screamed and kicked the back of her seat to get her attention. She turned around to tell the child to stop. When she returned to face forward, she saw her vehicle had veered. She attempted to correct the vehicle but lost control due to the snow on the ground, bald tires, and using her brakes. The vehicle slid and fell on its side. Two children remained in the vehicle, one

3

was under the vehicle and partially ejected. At the hospital, she gave blood and urine samples. The State impeached defendant with a prior felony conviction for obstructing justice.

¶ 11    The court found defendant guilty of both counts of aggravated DUI, driving while license suspended, and all the traffic offenses. The court sentenced her to 30 months of probation and 30 days in the Henry County jail.

¶ 12                                              II. ANALYSIS

¶ 13    On appeal, defendant argues the evidence was insufficient to prove her guilty beyond a reasonable doubt of aggravated DUI. First, defendant argues that the State failed to show that the benzoylecgonine was a controlled substance under the Illinois Controlled Substance Act (Act) (720 ILCS 570/100 *et seq*. (West 2014)). Second, the State failed to prove that the benzoylecgonine found in defendant's urine resulted from the consumption of cocaine prior to driving. Viewing the evidence in the light most favorable to the State, we find a rational trier of fact could have found defendant guilty of aggravated DUI beyond a reasonable doubt.

¶ 14    When a defendant makes a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *Id.* Thus, "the reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 15    To prove defendant committed aggravated DUI, the State must first establish that she committed misdemeanor DUI in that she drove or was in actual physical control of a vehicle and there was "any amount of a drug, substance, or compound in [her] breath, blood, or urine resulting from the unlawful use or consumption of *** a controlled substance listed in the [Act]." 625 ILCS 5/11-501(a)(6) (West 2014). The State must establish that defendant used or consumed a controlled substance before driving. *People v. Martin*, 2011 IL 109102, ¶ 16. Section 102 of the Act defines "controlled substance" as "a drug, substance, or immediate precursor in the Schedules of Article II of this Act." 720 ILCS 570/102(f) (West 2014). To elevate the charge to aggravated DUI, the State must further establish that defendant was involved in a motor vehicle accident that resulted in great bodily harm or permanent disfigurement to another and bodily harm to a child under the age of 16. 625 ILCS 5/11-501(a)(6), (d)(1)(C), (d)(1)(J) (West 2014).

¶ 16    It is undisputed that defendant's urine sample tested positive for benzoylecgonine. Defendant argues that since benzoylecgonine is not a substance listed in the Act, the State failed to prove that she consumed a controlled substance. In *People v. Hasselbring*, 2014 IL App (4th) 131128, ¶ 55, the Fourth District addressed this argument. The court observed "[T]hroughout the statute, the term 'substance' is not defined. In the absence of a definition, an unambiguous term must be given its plain and ordinary meaning. 'Substance' is defined as, *inter alia*, 'matter of particular or definite chemical constitution.' [Citation.] Benzoylecgonine can be seen to fit within this definition." *Id.* We agree with *Hasselbring* that benzoylecgonine fits within the substance definition stated in the Act.

¶ 17    The State's expert testified that the preliminary test resulted in a positive identification for cocaine. The confirmatory test identified benzoylecgonine. The expert explained that a benzoylecgonine metabolite is created by the body breaking down cocaine into a water-soluble

5

*substance* to excrete the drug, and "benzoylecgonine is*** one of the major components that we see cocaine breaking down into." Viewing this evidence in the light most favorable to the prosecution, we find that a reasonable trier of fact could have found the benzoylecgonine in defendant's system was a substance resulting from defendant's use of cocaine before driving.

¶ 18   Defendant argues that the State failed to show that the only way benzoylecgonine could be found in her urine is due to the consumption of cocaine. Initially, we note that defendant admitted that she consumed cocaine a few days before the accident. The State's expert clearly established that benzoylecgonine resulted from the metabolization of cocaine, and no other evidence indicated that benzoylecgonine could result from the consumption of another lawfully consumed substance. Moreover, the State was not required to disprove every hypothesis of innocence (*People v. Hall*, 194 Ill. 2d 305, 330 (2000)), and the court is not obligated to dispel every possibility of reasonable doubt (*People v. Milka*, 336 Ill. App. 3d 206, 228 (2003)). Therefore, this evidence proved beyond a reasonable doubt that defendant had an amount of a controlled substance in her blood or urine before she drove her vehicle.

¶ 19   III. CONCLUSION

¶ 20   The judgment of the circuit court of Henry County is affirmed.

¶ 21   Affirmed.